## E. T. PARKER *v.* CITY OF NEW ORLEANS.

The statutes of the State authorizing the municipal authorities, by whom the costs in criminal cases are paid, to regulate and fix the expenses in such cases, restrict them in respect to charges for the maintenance of prisoners.

Under the Act of 1856, the city of New Orleans has no greater power given to it in this respect ; and the Sheriff of the parish of Orleans has the right, under the Acts of the Legislature, to charge thirty-seven and one-half cents for the daily maintenance of prisoners, and one dollar for turnkey's fees for each prisoner.

APPEAL from the Fourth District Court of New Orleans, *Price,* J.

*Randall Hunt,* for plaintiff. *J. J. Michel,* for defendant and appellant.

VOORHIES, J. This case rests upon a naked question of law. Is the Sheriff of the parish of Orleans entitled, under the Acts of the Legislature, to charge 37½ cents for the daily maintenance of prisoners, and $1 for turnkey's fees for each prisoner.

The statute of 1855 (an Act in relation to the fee bill, p. 9,) allows to every Sheriff of the State 37½ cents a day for the maintenance of every prisoner confined in the prison of the parish of which he is Sheriff, except runaway slaves. Two other statutes of the same year, the one entitled " an Act relative to criminal proceedings," and the other, " an Act to amend the 69th section of the Act relative to criminal proceedings," throw the burden of paying all criminal expenses upon the respective parishes, but leave them at liberty to fix and regulate the fees, salaries and expenses to be paid by them, excepting, however, those incurred for the maintenance of prisoners. Act 1855, p. 161, secs. 68, 69 ; Act 1855, p. 275.

PARKER
*v.*
NEW ORLEANS.

The amended charter of the city of New Orleans, approved March 20th, 1856, authorizes the Common Council to fix the compensation of the services of every officer of the city or of the State, whose services are by law to be paid by the city of New Orleans. Acting under this grant of power, the City Council, by an ordinance approved July 11th, 1856, fixed at 20 cents a day the compensation for the maintenance of prisoners, and 25 cents the turnkey's fee.

In the year following, the Legislature shifted the burden of paying the expenses incurred in criminal prosecutions, from the municipal to the State treasury; and, after the lapse of two more years, again made it incumbent upon the respective parishes to pay those expenses. Sess. Acts, 1857, p. 187; 1859, p. 21.

The statutes of 1855, made a distinction between expenses incurred for the maintenance of prisoners, and all other expenses arising in criminal proceedings; and, although the municipal authorities were made liable for the payment of all, without reservation, yet their power to fix and regulate them, was not extended to those of the former class.

· The Act of 1855, " in relation to the fee bill," applies to the city of New Orleans as well as to the State at large; and so does the grant of power to the local authorities to fix and regulate the fees, salaries and expenses incident to criminal proceedings, the maintenance of prisoners excepted.

The Act of 1856, authorizing the Common Council to fix the compensation of the officers whose services are to be paid by the city, is not necessarily in conflict with the previous provisions of the Legislature, regulating the subject-matter in consideration, and does not consequently repeal them with regard to the city of New Orleans.

This position is fortified from the fact, that all the parishes of the State, although empowered to regulate and fix all criminal expenses in general, are restricted in this respect with regard to the maintenance of prisoners; and yet they, as well as the city, are bound alike for all criminal expenses, without exception. The Legislature evidently intended to reserve to itself all right of legislation upon this important matter.

With regard to the turnkey's fee of $1 for each and every prisoner, the statute of 1859 is explicit. Session Acts of 1859, p. 127.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs.